**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

OSCAR MEDINA,

      Defendant-Appellant.

No. 05-8080
(D.C. No. 03-CR-159-D)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Oscar Medina appeals his sentence of 25 years' imprisonment imposed

following his guilty pleas for Witness Tampering in violation of 18 U.S.C.

§ 1512(b)(3), Witness Retaliation in violation of 18 U.S.C. § 1512(b)(2), and Use

of Fire to Commit a Felony in violation of 18 U.S.C. § 844(h)(1).  He argues that

the district court violated his right to due process by accepting these pleas without

first holding a competency hearing.  He also claims that, because his public

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

defender failed to file a motion for a competency hearing, he was denied his Sixth Amendment right to effective assistance of counsel. Medina's counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Because Medina has not presented facts that "establish that a reasonable judge should have had a bona fide doubt as to his competence at the time of trial," McGregor v. Gibson, 248 F.3d 946, 954 (10th Cir. 2001) (en banc), and because ineffective assistance of counsel claims are not normally considered on direct appeal, we **AFFIRM** Medina's sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

On Halloween night, 2001, Medina set fire to the home of Rolando Davila, Jr. The arson was in claimed retaliation against Davila for his cooperation with law enforcement officials which led to the arrest of Medina's close friend, Francisco Valasquez. From this single incident, Medina was charged with the Use of a Destructive Device During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c), in addition to the crimes to which he pled guilty.

After initially entering a plea of not guilty, Medina decided to change his plea following the first day of the government's case in chief. On June 2, 2005 he signed a written plea agreement in which the government dismissed the 18 U.S.C. § 924(c) charge and he pled guilty to the remaining counts against him, agreeing to a sentence recommendation of 25 years' imprisonment. At the change of plea hearing held later that day, Medina, through his lawyer, informed the court that he

was having a "mental breakdown" and asked to speak to a psychologist or a psychiatrist. The court noted that Medina was facing an exceedingly difficult decision and found his reaction to be a "healthy, normal response to the circumstances in which he finds himself." The court informed him that he was free to reconsider, and after a brief discussion with his lawyer, Medina chose to go forward with the plea agreement.

Medina was then placed under oath and the court conducted the required plea colloquy. During the colloquy, the court asked Medina whether he was under the care of a psychiatrist or had ever been treated for mental illness. Medina responded that he was on medication for the treatment of bipolar disorder. At each stage of the court's thorough questioning, Medina indicated that he understood the consequences of his actions. He then provided the court a factual basis sufficient to support a finding of guilt on the three charges. Following this colloquy, the court found Medina "fully competent and capable of entering an informed plea."

At the sentencing hearing, held August 11, 2005, Medina once again equivocated, claiming that he did not understand the plea agreement, and that he did not have the mental capacity to enter into the agreement because of prior head injuries. Unconvinced, the district court declared "I don't believe at all that you're mentally incompetent, sir. I think that's just a lot of hooey." However, after pausing to carefully review the record, the district court determined that

Medina had not formally entered his plea at the change of plea hearing. Medina again consulted with his lawyer and decided to proceed with his guilty plea, but sought and obtained two modifications to the plea agreement from the government. First, the government would leave open the possibility for a reduction in sentence in exchange for future substantial cooperation. Second, Medina would not waive his right to appeal. After formally entering his plea, the court sentenced Medina to the recommended 25 years. He now appeals.

If an attorney conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client pointing to anything in the record that would potentially present an appealable issue. The client may then choose to offer any argument to the court. If, upon completely examining the record, the court determines that the appeal is in fact frivolous, it may grant the request to withdraw and dismiss the appeal. Id. In the present case, acting pursuant to Anders, counsel provided Medina with a copy of the appellate brief and Medina has not filed a pro se brief raising any argument.

Counsel's Anders brief raises two potentially appealable issues. First, the brief asserts a procedural competency claim. See McGregor, 248 F.3d at 952 ("A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing . . . ."). In order to prevail on such claim, a defendant must

- 4 -

"establish that a reasonable judge should have had a bona fide doubt as to his competence at the time of trial." Id. at 954. When a competency hearing was not held, our review of a district court's competency determination "is not limited by the clearly erroneous standard." United States v. Crews, 781 F.2d 826, 833 (10th Cir. 1986). A criminal defendant is competent if he possesses "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and . . . a rational as well as a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960).

Nothing in the record indicates that Medina was unable to consult with his lawyer or understand the proceedings against him. To the contrary, his distress and vacillation indicate that he fully comprehended the gravity of his guilty plea. Even in the final stages of the sentencing hearing, despite his protests of incompetence, Medina and his lawyer were able to bargain for additional concessions in the plea agreement. These are not the actions of a person who lacks understanding of the proceedings against him. Given the record before us, we conclude that a reasonable judge would not have had a bona fide doubt as to Medina's competence.

The second potentially appealable issue is Medina's ineffective assistance of counsel claim. In this circuit, except in rare circumstances, ineffective assistance of counsel claims must be presented in collateral proceedings. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Medina's

claim is brought on direct appeal, making it "presumptively dismissible, and virtually all [such claims] will be dismissed." Id. This rule allows a district court to develop the factual record necessary for effective review. See Massaro v. United States, 538 U.S. 500, 505-06 (2003). The present claim does not fall into the narrow category of cases that require no further development and are therefore suitable for review on direct appeal. Cf. United States v. Smith, 10 F.3d 724, 728 (10th Cir. 1993) (finding the record sufficient to review an ineffective assistance of counsel claim on direct appeal where defense counsel averred to mistakenly omitting a jury instruction on a lesser included offense). Accordingly, if Medina intends to pursue this claim further he must raise it in a collateral proceeding under 28 U.S.C. § 2255.

Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw, **AFFIRM** the sentence, and **DISMISS** the appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge
